**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION**

| | |
|---|---|
| MICHEAL D. BELL, SR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:22-CV-29-MTS |
| | ) |
| U.S. CONFEDERATE STATES | ) |
| OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Micheal D. Bell, Sr., inmate number 500223, for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant plaintiff leave to proceed *in forma pauperis*, and assess an initial partial filing fee of $1.25. Additionally, for the reasons discussed below, the Court will dismiss this action because the complaint is frivolous and fails to state a claim upon which relief may be granted.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28

U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid. *Id.*

In the instant motion, plaintiff clearly requests leave to proceed *in forma pauperis* in this action. However, he also asks the Court to serve "all Fifty U.S. Confederate States in America," and deliver his petition personally to "the Clerk of the Confederate Supreme Court of United States . . .". (ECF No. 2 at 1-2). The Court will grant the motion to the extent plaintiff seeks leave to proceed *in forma pauperis* in this action, and will deny the motion in all other respects.

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $6.25, and an average monthly balance of $4.66. The Court will therefore assess an initial partial filing fee of $1.25, which is twenty percent of plaintiff's average monthly deposit.

**Legal Standard on Initial Review**

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it upon the determination that, *inter alia*, it is frivolous or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* While federal courts should not dismiss an action commenced *in forma pauperis* if the facts alleged are merely unlikely, the court can properly dismiss such an action if the allegations in the complaint are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke,* 490 U.S. 319). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of

the irrational or the wholly incredible." *Id.* An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff did not prepare the complaint on a Court-provided form, as required. He titled the complaint "Petition Alleging Seditious Conspiracy Against the Federated United States of America." (ECF No. 1 at 1). He named "U.S. Confederate States of America" as the defendant, and he identified himself as "Agent #172153KA5 Of The Federal Supreme Court Of The United States As An Agent Of the Afore Stated Federal Court In the United States of America . . .". *Id.* Plaintiff did not identify the basis for federal jurisdiction in the complaint, but on the envelope in which he mailed the complaint to the Court, he wrote: "Federal Jurisdiction: Worldwide File In The Appropriate Venue By Forward If Necessary." (ECF No. 1-1).

Plaintiff set forth his statement of claim in the form of long, nonsensical sentences. For example, plaintiff wrote:

> Agent #172753KA5, Micheal D. Bell Sr. asserts that the Defendants, the Citizens and the Government thereof have collaborated in opposition to the Natural Federal Laws of the Federated United States set forth in the "Original Book Containing the Holy Federal Laws" . . . that state that every Firstborn of Law, Federal must take his place as an Administrator of the said Federal Laws by learning them and abiding therein . . . those claiming to the Administrators in this country lead the Federal citizens in this country astray by Satanic Organization called Republican Government as written by the Freemasons of U.S. Confederate Congress and Senate . . . they and thier [*sic*] Memorial Shrines to UnNatural Government must be removed as they are dangerous to the foundation of true Federal Government that must not continue to be underminded [*sic*] by the afore stated agents of Federal Government who have lost thier [*sic*] since [*sic*] of reality . . .

(ECF No. 1 at 1-2).  In an apparent attempt to set forth his prayer for relief, plaintiff wrote: "As an Agent of this Court and a Gatekeeper of these Federal Laws, I hereby move to execute judgment against all of those who conspire against Federal Government . . .".  *Id.* at 2.

### Discussion

Having reviewed and liberally construed the complaint, the Court can discern no plausible claim for relief. While this Court must liberally construe *pro se* filings, this Court will not construct claims or assume facts that plaintiff has not alleged. *See Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004). Additionally, plaintiff's allegations do not appear grounded in reality, and in fact "rise to the level of the irrational or wholly incredible." *Denton*, 504 U.S. at 33.  The Court therefore finds that plaintiff's allegations are clearly baseless as defined in *Denton*.  The Court therefore determines that the complaint is frivolous and fails to state a claim upon which relief may be granted, and will dismiss this action at this time pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), (ii).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **GRANTED** to the extent plaintiff seeks leave to proceed *in forma pauperis* in this action, and is **DENIED** in all other respects**.**

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $1.25.  Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 19th day of August, 2022.

                                              MATTHEW T. SCHELP
                                              UNITED STATES DISTRICT JUDGE